Pincus Wax
vs.          } Law No.66321
David M. Lipsey et al
February 5, 1927

RESCRIPT

WALSH, J. Plaintiff sues on a promissory note of which he was payee and holder. David M. Lipsey, the maker, and Rachel Lipschitz, Charles Lipschitz and Morris L. Lipschitz, accommodation endorsers, are defendants. The note is for $500 dated November 29, 1925, and is due one month after date, (Plaintiff's Exhibit A). The declaration is in two counts, one on the note, the other on the common counts.

The defense was that a material alteration had been made in the note while it was in the hands of the plaintiff and after delivery thereof to plaintiff, in this, that the date of the original note was November 9, 1925; that this had been changed to November 29, 1925, by plaintiff, by inserting the figure "2" before the "9" and retracing the "9".

The jury found a verdict for all four defendants. From the evidence it appeared that defendant, David M. Lipsey, had given to plaintiff on ac-

count of this note a check dated ahead to December 24th, 1925. This may have been a very good reason for changing the date of the note.

The plaintiff contends, however, on his motion for a new trial that he is entitled to a verdict against defendant, David M. Lipsey, on the common counts even though the material alteration of the note discharges the defendant endorsers. David M. Lipsey admitted he owed plaintiff a balance of $500 on the transaction in which the note was involved.

The jury by its verdict found that there was a fraudulent alteration of the note while it was in the hands of the plaintiff. That such a fraudulent alteration discharges the endorsers is admitted by plaintiff. We think that such a fraudulent alteration not only invalidates the note but extinguishes the obligation for which the note was given. The perpetrator of a forgery can not acquire by his own fraudulent act a right of action which otherwise he would not possess and thus run no risk of losing anything by his wrong even if detected. The taint in the present case not only vitiates the note but also extinguishes the original indebtedness because full measure of punishment should be visited upon the one perpetrating the fraud. It is necessary that the law impose this forfeiture of the debt itself upon one who fraudulently tampers with the instrument which evidences or secures it; it is done upon the principle that no man should be permitted to take the chance of gain by the commission of a fraud without running the risk of loss in the case of detection. To maintain the integrity surrounding commercial relations, no party to be benefited should be permitted under any guise to alter the written obligation of another without his authority or assent.

We feel that the verdict of the jury is fully warranted by the law and the evidence.

Motion for new trial denied.

For Plaintiff: Philip Joslin and Arthur Feiner.

For Defendant: Robinson & Robinson, Frank H. Bellin and J. J. McCabe.